IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:25-00187

MARCUS ALLEN JOHNSON
    also known as "Mook"

## MEMORANDUM OPINION AND ORDER

Pending before the Court are multiple pretrial motions filed by Defendant Marcus Allen Johnson and one motion in limine filed by the United States. During the pretrial motions hearing on March 2, 2026, the Court **DENIED as moot** Defendant's Motion to Disclose Co-Conspirators and Alleged Victim, ECF No. 22. The Government stated it had disclosed all known conspirators and witnesses it intends to call at trial. Additionally, Defendant agreed the alleged victim was previously disclosed.

The Court **GRANTED** Defendant's unopposed Motion to Bifurcate the two counts from the 21 U.S.C. § 851 sentencing enhancement in the superseding indictment. ECF No. 23.

An opinion will follow on Defendant's Motion for *Kastigar* Hearing, ECF No. 28, which the Court took under advisement.

Next, the Court **DENIED** Defendant's Motion to Dismiss Count II. ECF No. 29. The Government charges Defendant with Count Two, conspiring in retaliation against a witness in violation of 18 U.S.C. § 1513(f), alleging that Defendant directed the dissemination of a video in discovery identifying the confidential informant and called such informant a "snitch" during a jail call. *Mot. to Dismiss* 1–2, ECF No. 29; *Resp. to Mot. to Dismiss* 1, ECF No. 38.

Defendant moves the Court to dismiss Count Two, arguing it violates his First Amendment

rights and is unconstitutionally vague and overbroad. *Mot. to Dismiss* 1–2.

While Defendant argued that discussing his case with his family and requesting a copy of the video be sent to his brother are within his First Amendment rights that are abridged by the Government's application of Section 1513 to his conduct, the Court agrees with the Government's response that First Amendment rights are not absolute and that the scienter element renders the statute constitutional. *Mot to Dismiss* 1–2; *Resp. to Mot. to Dismiss* 2 (citing V*irginia v. Black*, 538 U.S. 343, 358–59, 362 (2003); *United States v. Stevens*, 559 U.S. 460, 468, 470 (2010)). The Government correctly indicates that Defendant's intent to retaliate is a determination to be made by the jury.

Equally unavailing is Defendant's argument that "no ordinary person would suspect that helping a video get published on the internet would result in their facing federal prosecution." *Mot. to Dismiss* 2. A statute is unconstitutionally vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or if it "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). Defendant is charged with violating Section 1513(f) which states that, "[w]hoever conspires to commit any offense under this section [(here, Section 1513(e))] shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1513(f). Section 1513(e) prohibits individuals from "knowingly, with the intent to retaliate, tak[ing] any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense[.]" 18 U.S.C. § 1513(e). The Court agrees with the Government's argument that posting a video of a confidential informant on the internet, or conspiring to do so, can reasonably be understood as

within the purview of "any action." *Resp. to Mot. to Dismiss* 3 (citing *Hill*, 530 U.S. at 732); 18 U.S.C. § 1513(e). Additionally, the scienter requirement negates risks of arbitrary enforcement and mitigates concerns of vagueness and overbreadth. *Edwards v. United States*, No. 20-3767, 2020 WL 9607176, at *3 (6th Cir. Dec. 10, 2020) (unpublished); *United States v. Edwards*, 783 Fed.Appx. 540, 545 (6th Cir. 2019) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)).

Finally, the Court **DENIED as moot** the Government's Motion in Limine prohibiting impeachment through criminal history except as is permissible pursuant to Federal Rule of Evidence 609. ECF No. 32. The parties agreed there are existing criminal convictions which are admissible for impeachment purposes. Defendant expressed he does not intend to present evidence outside of the permitted uses according to the federal rules. Finite objections may be raised as they become relevant.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE