IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:25-00187

MARCUS ALLEN JOHNSON
    also known as "Mook"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Marcus Allen Johnson's Motion for a *Kastigar* Hearing. ECF No. 28 ("Mot."). The Court heard argument at the pretrial motions hearing on March 2, 2026. For the foregoing reasons, Defendant's Motion is **DENIED**.

In January, the Court set aside Defendant's plea agreement in Criminal Case Number 3:25-cr-0096 due to his material breach of the provision requiring him to be "forthright and truthful . . . with regard to all inquiries made pursuant to this agreement." *United States v. Johnson*, Crim. Act. No. 3:25-00096, 2026 WL 84210, at *1 (S.D. W. Va. Jan. 12, 2026). The Government's Motion to Set Aside the Plea Agreement was pending while the Government and Defendant had two lengthy debriefings to provide the defendant with an opportunity to fulfill the cooperation required within the agreement. *Id.* at *1. Defendant ultimately materially breached the plea agreement by failing to provide forthright and truthful information surrounding the source of the controlled substance underlying the agreement. *Id.* at *3. Thus, the Government was relieved of the obligations to act in accordance with the agreement. *Id.* Pursuant to the agreement, the Government would have dropped the other charged violation, however, the offense is now brought in this action. *See Superseding Indictment*, ECF No. 19. The Government intends to introduce portions of Defendant's statements made at the debriefings. *Resp*. 4, ECF No. 37.

The plea agreement that was set aside contained the following language:

> **USE IMMUNITY**. Unless this agreement becomes void due to violation of any of its terms by Mr. Johnson, and except as expressly provided in paragraph 9 [(Stipulation of Facts and Waiver of Fed. R. Evid. 410)] below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

*United States v. Johnson*, Crim. Act. No. 3:25-00096, ECF No. 30, at 3–4. Defendant argues that when use immunity is granted, the Government must prove that evidence is derived from an independent source prior to introduction. *Mot.* 2. While acknowledging that he could be prosecuted for perjury, Defendant argues he should still be protected for otherwise truthful statements made at his debriefings. *Id.* at 2. The Government contends the immunity was limited and did not include information from an "independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement." *Resp.* 2. Further, the Government states that based on Defendant's breach, he is no longer afforded the benefit of immunity provided within the plea agreement. *Id.* 2.

A defendant "need only show that he testified under a grant of immunity in order to shift to the government the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources." *Kastigar v. United States*, 406 U.S. 441, 461–62 (1972). However, the Government clarifies that *Kastigar* "did not involve a grant of use or derivative use immunity provided in a subsequently voided plea agreement or statements made pursuant thereto." *Resp.* 4. While *Kastigar* is informative of the Government's burden to prove that evidence is obtained from a wholly independent source when a valid immunity provision is in place, this circumstance involves a breached plea agreement and statements made pursuant to it. The Court agrees with the Government's application of *United States v. Scruggs*. *Resp.* 4 (citing

*Scruggs*, 356 F.3d 539, 545 (4th Cir. 2004), *cert. denied*, 541 U.S. 1079 (2004)).

In *Scruggs*, the Fourth Circuit affirmed the application of a provision of the cancelled plea agreement that stated:

> If the defendant fails to fulfill the obligations under this plea agreement, the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible.

*Scruggs*, 356 F.3d at 545. There, the Fourth Circuit affirmed the lower court's decision, finding that "cancelling an agreement because of a breach, while simultaneously allowing the injured party to retain a remedy for breach under that agreement, is not in any way inconsistent with governing contract law principles . . .." *Id.* The Fourth Circuit explained that when "a 'party puts an end to the contract' because of the breach of the other party, the contract has ended by 'cancellation.'" *Id.* (citations omitted). Additionally, permitting remedies associated with such breach, like the use of statements given pursuant to an agreement, is not contrary to contract law. *Id.* at 545–46. Plea agreements are interpreted under the principles of contract law. *U.S. v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). Thus, Defendant's argument that the Government has already exercised its response for Defendant's non-cooperation is unavailing. *Mot.* 1.

The plea agreement in Defendant's Criminal Case Number 3:25-cr-0096 provided him use immunity in paragraph 7 unless the agreement became void due to a violation of its terms. *United States v. Johnson*, Crim. Act. No. 3:25-00096, ECF No. 30, at 3. Defendant failed to satisfy the unambiguous cooperation term of the plea agreement which was required to maintain immunity. While Defendant argues that the Assistant United States Attorney provided broad use immunity at the debriefings by stating "nothing he says can be used against him," *Mot.* 1, the Government clarified at the motion hearing that, at each debriefing, the terms of the plea agreement and

corresponding immunity were reflected. Thus, the Government is relieved from the obligation to provide immunity within the plea agreement, and a *Kastigar* hearing is unnecessary. Accordingly, Defendant's Motion for a *Kastigar* Hearing is **DENIED**. ECF No. 28.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE